IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Danny F.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 2:19-cv-01845-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff Danny F. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying is application for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by improperly rejecting Plaintiff's subjective symptom testimony. Pl.'s Br. 4–8, ECF No. 12. Because the ALJ's decision was supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on September 21, 2016, alleging disability since December 31, 2013. Tr. 181. His claim was denied initially and upon reconsideration. Tr. 118, 126. Plaintiff

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

timely requested a hearing before an ALJ and appeared before the Honorable Mark Triplett on July 30, 2018. Tr. 29–55. ALJ Triplett denied Plaintiff's claim by a written decision dated October 23, 2018. Tr. 14–23. Plaintiff sought review from the Appeals Council and was denied on August 19, 2019, rendering the ALJ's decision final. Tr. 1, 260. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff was 37 years old at the time of his alleged disability onset, 40 when his application was filed, and 41 at the date of the hearing. *See* tr. 79. Plaintiff did not complete high school and has been unsuccessful in obtaining a GED. Tr. 36. Plaintiff's work history is limited; he has worked as a construction worker, a cook, and a kitchen helper. Tr. 51, 204, 196. Plaintiff alleges disability due to migraines, low vision, vertigo, numbness in hands and feet, pressure in head, and swelling in neck and shoulders. Tr. 80.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, No. 19-35774, 2021 WL 609825, at *1, (9th Cir. Feb. 17, 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's

conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

### I. Plaintiff's Credibility

Plaintiff argues that the ALJ failed to identify specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony. An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). Where there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and

convincing reasons for discrediting the claimant's testimony regarding the severity of her symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.
>
> *Lingenfelter,* 504 F.3d at 1040.

It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The Ninth Circuit has upheld negative credibility findings, however, when the claimant's statements at the hearing "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause *some* of the alleged symptoms." Tr. 18 (emphasis added). However, the ALJ found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his conditions were not consistent with the medical and other evidence in the record. Tr. 18–19. The ALJ first found that Plaintiff's symptom testimony was not supported by the objective medical evidence. Tr. 19.

As the ALJ noted, Plaintiff's medical providers have no explanation for his symptoms. Tr. 19; *see* tr. 1381 ("It is not clear… why [surgery] had limited efficacy."), 264 (noting Plaintiff's complaints of tinnitus and intermittent hand and feet numbness with no medical explanation). Plaintiff has a history of Chiari malformation and underwent surgery in 2015 to treat it. Tr. 264. Following surgery, he had no more seizures, no longer lost consciousness, and his headaches resolved. Tr. 42, 264. Plaintiff testified that his headaches returned some months after his surgery. Tr. 42, 292. Plaintiff underwent a nerve conduction study in July 2015. Tr. 1271. This found bilateral carpal tunnel syndrome but was negative for "right ulnar neuropathy across the elbow or wrist" and for "sensory polyneuropathy affecting the upper extremities." Tr. 1271–72. In September 2016, Plaintiff's doctor ordered follow-up imaging of his brain due to the headaches and history of Chiari malformation. Tr. 356. Findings were mostly normal, with "no evidence of acute intracranial process" and "no new or progressive abnormalities." Tr. 358. A CT scan in December 2016 found no significant change since previous examinations. Tr. 1298. As his medical providers noted, Plaintiff had multiple MRI imaging studies of his brain and spinal cord, and there were no concerning findings. Tr. 1389. Despite the lack of objective medical evidence, the ALJ did account for Plaintiff's testimony that picking up heavier objects

triggers his neck pain and headaches by limiting the amount Plaintiff could lift and carry in the RFC. Tr. 18, 20, 224.

The ALJ also noted inconsistencies between Plaintiff's symptom reports to his treatment providers and their physical and mental examination findings. Tr. 19. In September 2017, Plaintiff saw his treatment provider to discuss his head pressure and low back pain. Tr. 1382. As the ALJ noted, he "had no neurological deficits with full strength throughout, as well as a normal mood and affect." Tr. 19, 1385. In a January 2018 doctor's visit, Plaintiff reported intermittent severe spasms in his back and chronic head pressure. Tr. 1388. His physical exam showed normal range of motion in his neck, no gross motor deficits, and normal mood, behavior, and thought content. Tr. 1390.

The ALJ also found Plaintiff's symptom testimony to be inconsistent with his activities of daily living. Tr. 20. A claimant's daily activities may be grounds for an adverse credibility finding if he "is able to spend a substantial part of [his] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Fair*, 885 F.2d at 603); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113 (citing *Turner v. Comm'r of Sec. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010)).

Plaintiff prepares his own simple meals; on his function report, he stated that his cooking habits have not changed since his conditions began. Tr. 223. Plaintiff does basic household chores, like laundry and dishes. Tr. 224. Plaintiff drives. Tr. 224. While Plaintiff asserts that he

has no hobbies due to depression and pain, he watches television, plays video games, enjoys art and drawing, listens to music, tinkers in his shed, and is building a model house. Tr. 225, 44–45. Plaintiff's activities of daily living suggest that his symptoms are not as severe as alleged.

Despite Plaintiff's claim of debilitating headaches, he has had minimal treatment for them. Plaintiff is not taking any prescription medications for his headaches and pain. Tr. 49. He uses Advil occasionally and primarily self-medicates with cannabis. Tr. 46–49, 205. Treatment notes report that Plaintiff is "reluctant to try medications" to treat his pain. Tr. 1381, 356. Plaintiff attended a consult to begin acupuncture but did not stay for treatment. Tr. 1390. Plaintiff's conservative treatment supports the ALJ's finding that his symptoms are not as severe as alleged. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citing *Johnson v. Shalala*, 60 F. 3d 1428, 1434 (9th. Cir. 1995)).

In crafting the RFC, the ALJ accounted for symptom testimony that was supported by the record. The ALJ's finding regarding Plaintiff's credibility and subjective symptom testimony was supported by substantial evidence.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of March, 2021.

s/ Michael J. McShane
Michael J. McShane
United States District Judge

7 – OPINION AND ORDER